**UNITED STATES of America,
Appellee,**

v.

**Jon Kenneth MAJOR, Defendant–
Appellant.**

No. 02–1416.

United States Court of Appeals,
Second Circuit.

April 2, 2003.

David C. James, U.S. Attorney's Office, Eastern District of New York, Brooklyn, NY, for Appellee.

Yuanchung Lee, The Legal Aid Society Federal Defender Division, New York, NY, for Defendant–Appellant.

PRESENT: FEINBERG, VAN GRAAFEILAND, and F.I. PARKER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is VACATED and RE-MANDED, in part.

Defendant–Appellant Jon Kenneth Major appeals from a judgment of conviction entered July 3, 2002 in the United States District Court for the Eastern District of New York (Reena Raggi, *Judge*). The judgment convicted appellant, pursuant to a guilty plea, of one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and imposed a sentence of 71 months imprisonment, three years of supervised release, a $20,000 fine, and a $100 special

assessment. This appeal is limited to the portion of the written judgment reflecting imposition of an unconditional fine which, Appellant maintains, is inconsistent with the district court's oral sentence imposing a conditional fine thereby requiring modification of the judgment.

■ Because the record is unclear whether the district court intended to impose a conditional or unconditional fine at oral sentencing, we cannot discern whether the oral sentence is inconsistent with the written judgment requiring modification, *see United States v. A–Abras, Inc.,* 185 F.3d 26, 29 (2d Cir.1999) (inconsistency between unambiguous oral sentence and written judgment resolved in favor of oral sentence), or whether the written judgment merely clarifies the oral sentence requiring no corrective action, *see also United States v. Truscello,* 168 F.3d 61, 62–63 (2d Cir.1999) (absent obvious conflict, written judgment may operate to clarify any ambiguity in oral sentence) (citations omitted).

■ More importantly, we are concerned that the district court may have misunderstood the appropriate scope of its sentencing authority when it promised to forgive, or at least consider forgiving, the fine. Indeed, it is unclear whether the fine represented a condition of supervised release, in which case the district court may later modify it on its own accord pursuant to 18 U.S.C. § 3583(e), or whether the fine represented an independent sentence term, in which case the district court may modify or remit the fine only upon a government petition pursuant to 18 U.S.C. § 3573. Our uncertainty suggests that meaningful appellate review is not possible, which is particularly problematic when confronted with two statutory provisions that have such palpably distinct effects on Appellant's sentence. We find it significant that the government does not seriously oppose a remand for the purpose of obtaining clarification of the district court's intent. Accordingly, we vacate that portion of the judgment pertaining to the fine and remand to the district court for resentencing.

For the reasons stated above, the portion of the district court's judgment imposing the fine is hereby VACATED and REMANDED for resentencing.